UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIM. NO. 07-60003 |
| VERSUS | * | JUDGE DOHERTY |
| GREGORY DAVIS | * | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION

The defendant, Gregory Davis, has filed a motion to dismiss the indictment based on an alleged violation of the *ex post facto* clause of United States Constitution. [Record document 24].  The defendant has also filed supplemental motions, and supplemental authorities for the court's consideration. [Record documents 29 and 35]. The government has opposed the motion. [Record document 26].  For those reasons set out below, the undersigned recommends that the motion to dismiss be **granted**.

FACTS

The facts are not in dispute. On November 4, 1991, the defendant, Gregory Davis, was convicted of Criminal Sexual Assault, a sex offense, in Will County, Illinois.  Upon his release from prison, the defendant registered as a sex offender pursuant to Illinois law. In early September 2006, Davis moved from Illinois to Lafayette, Louisiana, and began working for an oil field contractor.  The defendant did not immediately register as a sex offender in Louisiana as required by Louisiana law.

The Lafayette Parish Sheriff's Department was contacted by police in Illinois and informed of the defendant's move to Louisiana.  Thereafter, the defendant was arrested for failure to register in Louisiana as a convicted sex offender, as required by Louisiana law.  On December 15, 2006, the defendant registered as a sex offender in the State of Louisiana.  On December 22, 2006, the government obtained a complaint charging the defendant with violation of 18 U.S.C. § 2250.  On January 17, 2007 the defendant was indicted by the grand jury for failing to register pursuant to the Sex Offender Registration and Notification Act ("SORNA"), which had been signed into law by President Bush on July 27, 2006.[1]

**SORNA**

In 1994, the Congress passed, as part of the Violent Crime Control and Law Enforcement Act, the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, which required, in part, sex offenders to register with state law enforcement officials for a minimum period of 10 years after their release from prison. 42 U.S.C. § 14071(b)(6).  The failure to register was made a misdemeanor offense, punishable by imprisonment for up to one year.  For a second offense, an offender faced a maximum of 10 years imprisonment.  42 U.S.C. § 14072 (i).

On July 27, 2006 the Adam Walsh Child Protection and Safety Act of 2006 and SORNA became effective.  The registration requirements of SORNA are set forth in 42

---

[1] These facts are set out by the parties in their respective Memoranda of Law, and are not disputed.

U.S.C.  § 16913.  Section 16913(a) requires a sex offender to register in each jurisdiction where the offender resides.  Section 16913(b) requires that the offender "shall" initially register before completing his sentence, or within three days following the imposition of sentence, if the offender is sentenced to probation. If a sex offender who is required to register under the Act travels in interstate commerce and fails to register, he faces imprisonment for up to 10 years.  18 U.S.C. § 2250 (a).  The Act was designed to, according to the legislative history, create "a new federal crime" where sex offenders who fail to comply with the act registration requirements faced "felony criminal prosecution". H.R. REP. No. 109-218, at 36 (2005). *See United States v. Smith*, 481 F.Supp.2d 846, 849 (E.D. Mich. 2007).

For offenders who were situated as is this defendant, that is, offenders who were convicted *prior* to the effective date of SORNA, and were therefore unable to comply with the initial registration requirements of the Act, Congress provided that the Attorney General had the authority to specify the applicability of the registration requirements as to them.  42 U.S.C. § 16913(d).  Congress further provided that the Attorney General "shall" prescribe rules for the notification of sex offenders who cannot be registered in accordance with the provisions of SORNA.  Apparently, no such rules have been adopted to date.

On February 28, 2007, the Attorney General published an Interim Rule, codified at 28 C.F.R. § 72.3, which provides that the registration requirements of SORNA apply to

all sex offenders, who had been convicted of an offense which would require registration,

even if the conviction for the sex offense was prior to the enactment of SORNA.

Thus, the following chronology appears clear.  On November 4, 1991, the

defendant was convicted of a sex offense in Will County, Illinois.  Upon his release from

prison, the defendant registered as a sex offender in Illinois. On July 27, 2006, SORNA

became effective.  In early September 2006, the defendant moved to Lafayette, Louisiana

and did not immediately register as a sex offender.  On December 15, 2006, the

defendant, after his arrest by local authorities, registered as a sex offender in Louisiana.

The defendant was arrested by federal authorities for failing to register as a sex offender

in Louisiana on December 22, 2006.  The defendant was indicted in this case on January

17, 2007.  On February 28, 2007 the Attorney General published the Interim Rule which

required persons situated, as is the defendant here, to register pursuant to SORNA.

**LAW AND ANALYSIS**

The facts in this case are virtually the same as those presented to the court in

*United States v. Mantia*, No. 07-60041 (W.D. La. 2007) [2]   In that case, the undersigned

recommended that the indictment against the defendant be dismissed for violation of the

*ex post facto* clause of the United States Constitution. *See Mantia*, record document 26.

That recommendation was adopted by Judge Doherty over the Government's objection on

---

[2] If anything, the facts here more clearly demonstrate a violation of the *ex post facto* clause than did the
facts in *Mantia*.  Here, the Attorney General's Interim Rule was not promulgated until after the defendant, Davis,
was arrested and indicted.

January 15, 2008.  *Id*., record document 29.

Rather than repeat the detailed analysis undertaken by the undersigned in *Mantia*

here, the undersigned adopts, for the purpose of this Report and Recommendation, those

reasons set out in *Mantia*.  For those reasons, this prosecution also violates the *ex post*

*facto* clause of the United States Constitution.[3]

For those reasons, it is recommended that the motion to dismiss the indictment

pending against the defendant, Gregory Davis, be **granted**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties

aggrieved by this recommendation have ten (10) business days from service of this report

and recommendation to file specific, written objections with the Clerk of Court.  A party

may respond to another party's objections within ten (10) days after being served with a

copy of any objections or response to the District Judge at the time of filing. objections or

response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within ten**

**(10) days following the date of its service, or within the time frame authorized by**

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual**

**findings or the legal conclusions accepted by the District Court, except upon**

---

[3] The court's updated research indicates that, to date, no appellate decision has been rendered on this issue. There have been several additional District Court decisions which have been rendered since the undersigned issued the Report and Recommendation in *Mantia*.  Three of these decisions held no violation of the *ex post facto* clause; one held a violation of the *ex post facto* clause.

**grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79**

**F.3d 1415 (5th Cir. 1996).**

January 22, 2008, Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE